Ibrahim SOLIMAN, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 04–71100.
Agency No. A75–665–797.

United States Court of Appeals, Ninth Circuit.

***  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*  Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted March 23, 2005.**

Decided April 4, 2005.

Ibrahim Soliman, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, TROTT and PAEZ, Circuit Judges.

MEMORANDUM***

Ibrahim Soliman, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and review for substantial evidence. *See Al–Saher v. INS*, 268 F.3d 1143, 1145 (9th Cir.2001). We deny the petition.

Substantial evidence supports the BIA's determination that Soliman did not demonstrate that his persecution was on account of a protected ground. Soliman's testimony and asylum application do not compel the conclusion that his kidnaping, the attempted kidnaping of his children and the telephone threats that he received were on account of the imputed opinion that he is anti-Muslim. *See Marquez v. INS*, 105 F.3d 374, 381 (7th Cir.1997) (holding that the BIA did not err in finding that greed and jealousy, not political opinion was cause alleged persecution).

Because Soliman failed to establish his eligibility for asylum, he necessarily fails to establish eligibility for withholding of removal. *See id.* at 381–82.

Substantial evidence also supports the denial of relief under CAT because Soliman does not demonstrate that it is more likely than not that he will be tortured, with government acquiescence, upon re-

turning to Egypt. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002) (citing 8 C.F.R. § 208.16(c)(2)); *see also, Zheng v. Ashcroft,* 332 F.3d 1186, 1196 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's non-opposition, the voluntary departure period was also stayed, nunc pro tune, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**